472 A.2d 981

**Karl Levi BROOKS**

v.

**STATE of Maryland.**

**No. 115, Sept. Term, 1983.**

Court of Appeals of Maryland.

April 3, 1984.

Mark Colvin, Asst. Public Defender, Baltimore (Alan H. Murrell, Public Defender and George E. Burns, Jr., Asst. Public Defender, Baltimore, on brief), for appellant.

Jillyn K. Schulze, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Baltimore, on brief), for appellee.

Argued Before SMITH, ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ., and CHARLES E. ORTH, Jr., Retired, Specially Assigned Judge.

CHARLES E. ORTH, Jr., Retired, Specially Assigned Judge.

## I

Our colonial forefathers had experienced "the close connection of criminal law with politics . . . . [T]heir constant fear of political oppression through the criminal law led them and the generation following . . . to give excessive power to juries and to limit or even cut off the power of the trial judge to control the trial and hold the jury to its

province." *Slansky v. State,* 192 Md. 94, 101–102, 63 A.2d 599 (1949) (quoting R. Pound, *The Spirit of the Common Law* 122–123). *See Stevenson v. State,* 289 Md. 167, 174–175, 423 A.2d 558 (1980). Under the Maryland Constitution of 1776 there was lack of uniformity in procedure with respect to criminal cases. "[T]here were opposing views as to the power of a jury in a criminal case, which prevailed in different parts of the state . . . ." *Stevenson* at 173 (quoting A. Niles, *Maryland Constitutional Law* 340 (1915). To guard in the future against conflicts, the Constitutional Convention of 1851 wrote into the Constitution, as Article X, § 5, that "[i]n the trial of all criminal cases, the Jury shall be the Judges of Law, as well as of fact."[1] Under this constitutional prescription this Court had no power to review the sufficiency of evidence on appeal of a criminal case tried to a jury. *State v. Devers and Webster,* 260 Md. 360, 369, 272 A.2d 794, *cert. denied, Devers v. Maryland,* 404 U.S. 824, 92 S.Ct. 50, 30 L.Ed.2d 52 (1971). This lack was remedied, after the passage of 100 years, by an amendment to the Constitution. Acts 1949, Ch. 407, ratified by the voters of this State on 7 November 1950, simply added the proviso, "except that the Court may pass upon the sufficiency of the evidence to sustain a conviction." The amendment was supplemented by the enactment of a statute, now Md.Code (1957, 1982 Repl.Vol.) Article 27, § 593,[2] and implemented by

---

1. A similar provision was retained in the Constitution of 1864 as Article XII, § 4, and in the Constitution of 1867 as Article XV, § 5. By amendment approved by the voters in 1978, Article XV, § 5, as it then read, was transferred and became Article 23 of the Declaration of Rights to the Constitution of 1867. *See Stevenson v. State,* 289 Md. 167, 173 n. 3, 423 A.2d 558 (1980).

2. Md.Code (1957, 1982 Repl.Vol.) Article 27, § 593, provides:
   "In the trial of all criminal cases, the jury shall be the judges of law, as well as of fact, except that at the conclusion of the evidence for the State a motion for judgment of acquittal on one or more counts, or on one or more degrees of an offense may be made by an accused on the ground that the evidence is insufficient in law to justify his conviction as to such count or degree. If the motion is denied, he may offer evidence on his own behalf without having reserved the right to do so, but by doing so, he withdraws his

■■■■■■■■■■

the adoption of a Maryland Rule of Procedure, now Md.Rule 756. The provisions of § a of the Rule are in substance the same as the provisions of the statute. Section b of the Rule reads:

"If the court grants a motion for judgment of acquittal or determines on its own motion that a judgment of acquittal should be granted, it shall direct the clerk to enter the judgment of acquittal and to note that it has been entered by direction of the court."

■■■■ The function and effect of a motion for judgment of acquittal emerges bright and clear from its history. Within the limitations noted in Stevenson, 289 Md. at 178–181, the jury remain the judges of law and fact. In determining the disposition of a motion for judgment of acquittal, however, the trial court is passing upon the sufficiency of the evidence to sustain a conviction. Gray v. State, 254 Md. 385, 387, 255 A.2d 5 (1969), cert. denied, Gray v. Maryland, 397 U.S. 944, 90 S.Ct. 961, 25 L.Ed.2d 126 (1970); Giles v. State, 229 Md. 370, 384–385, 183 A.2d 359 (1962), appeal dismissed, Giles v. Maryland, 372 U.S. 767, 83 S.Ct. 1102, 10 L.Ed.2d 137 (1963). If the trial judge finds any relevant evidence which is legally sufficient to sustain a conviction, he must deny the motion for judgment of acquittal and allow the evidence to go before the trier of fact. The defendant is entitled to have the denial reviewed on appeal.[3]

---

motion. The motion may be made at the close of all the evidence whether or not such motion was made at the conclusion of the evidence for the State. If the motion is denied the defendant may have a review of such ruling on appeal."

**3.** When the question is properly raised, the constitutional provision, the statute, and the rule, taken together, not only authorize an appellate court to review the sufficiency of the evidence in a criminal case, but impress upon it the duty to do so. State v. Devers and Webster, 260 Md. 360, 371, 272 A.2d 794, cert. denied, Devers v. Maryland, 404 U.S. 824, 92 S.Ct. 50, 30 L.Ed.2d 52 (1971); Wright v. State, 219 Md. 643, 648, 150 A.2d 733, cert. denied, Wright v. Maryland, 361 U.S. 851, 80 S.Ct. 112, 4 L.Ed.2d 90 (1959).

"The function of the appellate court is limited, however. The court does not inquire into and measure the weight of the evidence to

If the trial judge finds that there is no relevant evidence which is legally sufficient to sustain a conviction, he must grant the motion for judgment of acquittal. When the motion is duly granted, the defendant stands acquitted on the offense to which the motion is directed. The grant has the same force and effect as the return of a verdict of not guilty by the trier of fact, be it the court or a jury. This assertion finds support in the fact that the motion for judgment of acquittal has been substituted, in criminal causes, for a motion for a directed verdict of not guilty and for an instruction that the evidence is insufficient in law to sustain a conviction. Because of the substitution, the motion for a directed verdict and the instruction to the jury as to the sufficiency of the evidence were no longer necessary and were dropped from the Rules of Procedure. See Committee note to Md.Rule 756. Thus it is clear that the grant of a motion for judgment of acquittal was intended to have the same effect as the direction of a verdict of not guilty and as an instruction that the evidence is insufficient in law to sustain a conviction, which would call for the rendering of a verdict of not guilty.

## II

The Grand Jury for the body of the City of Baltimore returned a number of indictments presenting that Karl Levi Brooks had committed various offenses arising from the murder of Keith Bee during an armed robbery. He was convicted by a jury in the Circuit Court for Baltimore City of robbery with a deadly weapon for which he was sentenced to 20 years, of conspiracy to commit armed robbery for which he was sentenced to 15 years and for carrying a deadly weapon with intent to injure for which he was sentenced to three years. The sentences were to run consec-

---

ascertain whether the State has proved its case beyond a reasonable doubt, ... but merely ascertains whether there is any relevant evidence, properly before the jury, legally sufficient to sustain a conviction." *Id.* and cases therein cited.

utively for a total of 38 years. Brooks noted an appeal. On our own motion, before decision by the Court of Special Appeals, we ordered that the record and proceedings be certified to us for review.

At the close of evidence offered by the State, the defense made a motion for a judgment of acquittal with respect to the charge that Brooks conspired to commit armed robbery of Bee. In support of the motion, defense counsel argued that the evidence was not sufficient to prove the offense and asserted that "the indictment must be dismissed on my motion because there is no evidence whatsoever that Keith Bee is the object of anyone's conspiracy." The court asked if the State wished to be heard, and the Assistant State's Attorney replied, "The State would submit, Your Honor." The Court then ruled in these words: "All right. I will grant the motion." Shortly thereafter, following the disposition of various other motions for judgment of acquittal, the Assistant State's Attorney again brought up the matter of the conspiracy charge, saying, "I realize that the Court has already ruled on the indictment [charging] conspiracy to commit armed robbery. I did submit on that, Your Honor, and the Court granted the motion for judgment of acquittal. I would like the Court to reconsider that, Your Honor, if you will." The court heard from the prosecutor, who argued that, despite his submission, there was evidence before the jury which was legally sufficient to prove the conspiracy. Defense counsel reacted immediately. He pointed out that the court had already granted the motion and that to reverse that ruling would be not only "highly unusual" but "improper." He observed that when the motion was originally made the State was given the opportunity to speak to it, but had submitted. "The Court has had an opportunity to hear all the evidence that [the prosecutor] just referred to and I ask the Court not to reverse its ruling because I think it's highly improper and prejudicial to the Defendant." After further argument during which defense counsel emphasized the impropriety of a reversal of the original ruling, the judge ventured that "a preliminary ruling on a motion can

be reconsidered. I don't think the Court is bound by its ruling." He decided: "I will alter it to this extent, gentlemen. I will reserve ruling on the motion."

The defense offered no evidence. Defense counsel reminded the court that it had held *sub curia* the State's request to reopen the motion for judgment of acquittal on the conspiracy charge. The judge indicated that he was still reserving the ruling. At a bench conference the prosecutor observed that he and defense counsel were in the same predicament with respect to the conspiracy charge—"we don't know how to argue." The judge stated:

"Reserving gives me a right to wait until after the defense has presented its case to rule on [the motion for judgment of acquittal], but if it's not ruled on . . . at the end of the case—it's equal to a denial, but I was unmindful of the fact that you're not putting on a defense."

The judge made clear that he was going to allow the conspiracy charge to go to the jury. Reversing himself, he expressly denied the motion for judgment of acquittal on the conspiracy charge. Defense counsel observed that he thought that his "exception [was] noted for the record."

The instructions which the court gave the jury included instructions with respect to the conspiracy offense. As we have seen, the jury found Brooks guilty of that crime, and the court imposed a 15 year sentence thereon to run consecutively to the other sentences imposed. The issue before us is the propriety of the actions of the trial judge with respect to the motion for judgment of acquittal on the conspiracy charge.

### III

In *Pugh v. State,* 271 Md. 701, 319 A.2d 542 (1974), we found it to be "settled that once the trier of fact in a criminal case, whether it be the jury or the judge, intentionally renders a verdict of 'not guilty,' the verdict is final and the defendant cannot later be retried on or found guilty of

the same charge." *Id.* at 706, 319 A.2d 542.[4] We have observed, *supra,* that the grant of a motion for judgment of acquittal has the same force and effect as the return of a verdict of not guilty by the trier of fact, be it the court or a jury. Therefore, the teachings of *Pugh* are applicable to the grant of a motion for judgment of acquittal.[5]

▮ Contrary to what the trial judge suggested and the State now argues, the grant of the motion was not "merely preliminary." It was effective as a final disposition of the conspiracy charge. The State presents the notion that the ruling was "one of law, not fact." But, when the court granted the motion, evidence relating to the conspiracy was before the court. Defense counsel had argued that the evidence was not legally sufficient to prove the offense. The State did not dispute this at the time but simply submitted. The court granted the motion. To assert that the ruling was "one of law, not fact," is not only specious but also captious. It is obvious that the grant of the motion was predicated, as it had to be, on a review by the judge

---

4. In *Block v. State,* 286 Md. 266, 268, 407 A.2d 320 (1979), we summarized the basis of the holding in *Pugh v. State,* 271 Md. 701, 319 A.2d 542 (1974). We observed:

    "We based this holding both upon the Maryland common law prohibition against double jeopardy (*id.* at 704–706 [319 A.2d 542]) and upon the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, made applicable to state proceedings by the Fourteenth Amendment (*id.* at 706 [319 A.2d 542]). We pointed out in *Pugh* that from the earliest times, it has been settled that a verdict of not guilty 'cannot be set aside. Any attempt to do so by the prosecutor is barred by what at common law was the plea of *autrefois acquit.*' *Id.* at 705 [319 A.2d 542]. It was held that this principle applied even though a final judgment was not entered in the case, *id.* at 706–707 [319 A.2d 542]." *Block,* 286 Md. at 268, 407 A.2d 320.

5. As we have seen, *supra,* § b of Maryland Rule 756 prescribes that if the court shall grant a motion for judgment of acquittal, "it shall direct the clerk to enter the judgment of acquittal and to note that it has been entered by direction of the court." The State suggests that "no order embodying [the grant of the motion] was entered." The clerk, however, entered on the docket: "Motion for Judgment of Acquittal heard and granted. Baylor, J." This was sufficient to indicate compliance with the procedural aspects of the Rule.

with respect to the sufficiency of the evidence, and that he found that it was not legally sufficient to sustain a conviction. Nor can it be said that the grant of the motion for judgment of acquittal was inadvertent or a slip of the tongue. The acquittal here of necessity "represented an intended decision based upon the judge's view that the prosecution had failed to prove" that Brooks conspired to commit armed robbery. *See Pugh,* 271 Md. at 707, 319 A.2d 542. Here, as in *Pugh,* "[w]hen the prosecution then argued that its case" had presented evidence legally sufficient to sustain the charge, and that the issue should be submitted to the jury, "the trial judge changed his mind." *Id.* He was belatedly persuaded in the light of the prosecution's tardy argument that the issue was for the jury. As in *Pugh,* both the State's argument and the judge's new ruling came too late. Once a trial judge intentionally acquits a defendant of a criminal offense over which the court has jurisdiction, the prohibition against double jeopardy does not permit him to change his mind. The grant of the motion for judgment of acquittal was a bar to further criminal proceedings on the same charge. *Block,* 286 Md. at 271–274, 407 A.2d 320; *Pugh,* 271 Md. at 707, 319 A.2d 542. *See Parojinog v. State,* 282 Md. 256, 262–265, 384 A.2d 86 (1978). Although Brooks was acquitted on the charge by the grant of his motion for judgment of acquittal, he was, nevertheless, tried on that charge by the submission of it to the jury. It is immaterial that he was tried and convicted in the continuing proceeding. Brooks is entitled to stand acquitted on the conspiracy charge. We need not apply the federal constitution's Fifth and Fourteenth Amendment guarantee against double jeopardy to reach this conclusion. Another trial was barred here by the common law prohibition against double jeopardy recognized in this State. It follows that the trial judge erred in striking his grant of the motion for judgment of acquittal and thereafter denying the motion, and in his actions resulting therefrom, namely, permitting the offense to go to the jury and instructing the jury with respect to that offense. We so hold.

### IV

■ Although the errors of the trial judge serve directly to invalidate the judgment on the conspiracy charge, they also bring into question the validity of the judgments on the other two charges of which Brooks was convicted—armed robbery, and carrying a deadly weapon with intent to injure. Consideration must be given to the impact the errors had on the guilty verdicts returned by the jury on the other two charges.

In *Dorsey v. State,* 276 Md. 638, 350 A.2d 665 (1976) we concluded

> "that when an appellant, in a criminal case, establishes error, unless a reviewing court, upon its own independent review of the record, is able to declare a belief, beyond a reasonable doubt, that the error in no way influenced the verdict, such error cannot be deemed 'harmless' and a reversal is mandated. Such reviewing court must thus be satisfied that there is no reasonable possibility that the evidence complained of—whether erroneously admitted or excluded—may have contributed to the rendition of the guilty verdict." *Id.* at 659, 350 A.2d 665.

We refined this standard in *Ross v. State,* 276 Md. 664, 350 A.2d 680 (1976) where we said:

> "The essence of this test is the determination whether the cumulative effect of the properly admitted evidence so out-weighs the prejudicial nature of the evidence erroneously admitted that there is *no reasonable possibility that the decision of the finder of fact would have been different had the tainted evidence been excluded.*" *Id.* at 674, 350 A.2d 680 (emphasis added).

Although we have on occasion found an error to be harmless under *Dorsey,*[6] we have had only one case in which the error

---

6. *See Noble v. State,* 293 Md. 549, 446 A.2d 844 (1982) (defendant not harmed by his absence from the voir dire questioning of a prospective juror); *Johnson v. State,* 292 Md. 405, 439 A.2d 542 (1982) (testimony that victim who had been raped and murdered had a very sick daughter, if admitted in error, was harmless); *Robeson v.*

was held to be harmless upon reference to the refined standard of *Ross*.[7] All three of the crimes of which Brooks was found guilty stemmed from the same incident, and all of them were interrelated. On our "own independent review of the record," we are unable "to declare a belief, beyond a reasonable doubt, that the error[s] in no way influenced the verdict[s]," even though the State's case may have been a strong one as to the armed robbery and weapon charges. *Dorsey* 276 Md. at 659, 350 A.2d 665. To put it a different way, it does not appear that "the cumulative effect of the properly admitted evidence so outweighs the prejudicial nature of the [errors committed by the trial judge] that there is no reasonable possibility that the decision of the finder of fact would have been different had the tainted evidence been excluded." *Ross* 276 Md. at 674, 350 A.2d 680. It follows that Brooks is entitled to have the judgments entered on the charges of armed robbery and carrying a deadly weapon with intent to injure reversed. He is, however, subject to being retried thereon.

## V

The judgments rendered against Brooks may not stand.

With respect to indictment no. 18132830 (conspiracy to commit armed robbery), the judgment is vacated. The case is remanded to the Circuit Court for Baltimore City with direction to strike the denial of the motion for judgment of acquittal so as to leave in full force and effect as a final judgment the prior grant of the motion for judgment of acquittal.

---

*State*, 285 Md. 498, 403 A.2d 1221 (1979), *cert. denied, Robeson v. Maryland*, 444 U.S. 1021, 100 S.Ct. 680, 62 L.Ed.2d 654 (1980) (harmless because challenged evidence had previously been admitted without objection); *Dillon v. State*, 277 Md. 571, 357 A.2d 360 (1976) (certain instruction to jury, if erroneous, was harmless).

**7.** *Johnson v. State*, 283 Md. 196, 388 A.2d 926 (1978) concerned the error of not sequestering a witness. We found that in the circumstances the error was harmless beyond a reasonable doubt, in no way contributing to the conviction. *Id.* at 203, 388 A.2d 926.

**158**

With respect to the first count of indictment no. 18132832 (armed robbery), and the third count of indictment no. 18132835 (carrying a deadly weapon with intent to injure), the judgments are reversed. The case is remanded to the Circuit Court for Baltimore City for a new trial on those counts.

AS TO INDICTMENT NO. 18132830, JUDGMENT VACATED; AS TO THE FIRST COUNT OF INDICTMENT NO. 18132832 AND THE THIRD COUNT OF INDICTMENT NO. 18132835, JUDGMENTS REVERSED; CASE REMANDED TO THE CIRCUIT COURT FOR BALTIMORE CITY FOR FURTHER PROCEEDINGS PURSUANT TO THIS OPINION; COSTS TO BE PAID BY THE MAYOR AND CITY COUNCIL OF BALTIMORE.