549 A.2d 25

**STATE of Maryland**

v.

**Troy Edward DAFF.**

**No. 338, Sept. Term, 1988.**

Court of Special Appeals of Maryland.

Nov. 1, 1988.

Ann N. Bosse, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, Warren B. Duckett, Jr., State's Atty. for Anne Arundel County and Joseph V. Reina, Asst. State's Atty. for Anne Arundel County on the brief, Annapolis), for appellant.

Kenneth E. McPherson, Riverdale, for appellee.

Argued before GILBERT, C.J., and ROSALYN B. BELL and FISCHER, JJ.

GILBERT, Chief Judge.

Troy Edward Daff was charged in the District Court of Maryland for Anne Arundel County with assault and battery upon two persons. Daff demanded a jury trial which resulted in the transfer of the two cases to the Circuit Court for Anne Arundel County. When the cases were called for trial, the State requested a postponement upon learning that the prosecuting witnesses had not been summonsed. Apparently annoyed by the State's unpreparedness, the circuit court judge refused to grant the postponement. Sizing up the situation, at that point Daff opted to

be tried by the court without a jury, and he entered a plea of not guilty.

Since its witnesses were not present, the State had no evidence to present to the court. The Assistant State's Attorney asserted that the State could not proceed at that time but declined to *nol pros* the charges. The trial judge found Daff not guilty of all charges. The State noted a timely appeal. The appeal was dismissed by this Court in November 1987 upon request of the Attorney General.

After the appeal was dismissed, the State recharged Daff with the offenses which are the subject of the instant case. The circuit court dismissed those charges on the grounds that a second trial would place Daff twice in jeopardy for the same offenses. In this Court, the State complains that the circuit court erred and asks that we reinstate the charges.

The record reveals that after it became apparent to the court that the State's witnesses had not been summonsed, the following colloquy occurred:

"[Defense counsel]: We enter a plea of not guilty, Your Honor. I'd like to be tried before Your Honor.

[Assistant State's Attorney]: Well, the State would not proceed at this time, Your Honor.

COURT: All right, we'll enter a nolle pros in the two cases then.

[Assistant State's Attorney]: The State does not move to nolle pros the cases, Your Honor.

COURT: Oh, the State doesn't move ...

[Assistant State's Attorney]: No, Your Honor.

COURT: All right, then I'm going to enter a finding of not guilty."

There can be no doubt that "[t]he fifth and fourteenth amendments to the United States Constitution, as well as the common law of this State, prohibit placing an accused twice in jeopardy for the same offense." *Mason v. State,* 302 Md. 434, 438, 488 A.2d 955 (1985). It is now well settled in Maryland law that when a case is tried by a jury,

jeoparcy attaches when the jury is empaneled and sworn. *Serfass v. United States,* 420 U.S. 377, 388, 95 S.Ct. 1055, 1062, 43 L.Ed.2d 265 (1974); *Downum v. United States,* 372 U.S. 734, 735, 83 S.Ct. 1033, 1034, 10 L.Ed.2d 100 (1963); *Blondes v. State,* 273 Md. 435, 444, 330 A.2d 169 (1975). Equally settled is the rule that in a non-jury trial, jeopardy attaches when the first witness is sworn or when evidence is introduced. *Serfass,* 420 U.S. at 388, 95 S.Ct. at 1062; *Blondes,* 273 Md. at 435, 330 A.2d 169.

No witnesses were sworn and no evidence was presented to the court in the case *sub judice.* "It is axiomatic that before there can be double jeopardy, there must be jeopardy." *State v. Despertt,* 73 Md.App. 620, 624, 535 A.2d 963 (1988), quoting *In Re Bennett,* 301 Md. 517, 524, 483 A.2d 1242 (1984). In *Despertt* we were confronted with a factual situation in which evidence in the form of photographs was introduced, *albeit* informally. We held that jeopardy attached when the photographs were presented to the trial judge. We said:

"It is, of course, beyond serious question that jeopardy attaches when the trial judge has entered a final judgment of not guilty. Only an invalid indictment, information or charging document, or lack of trial court jurisdiction permits the State to attack a final judgment of acquittal."

73 Md.App. at 624, 535 A.2d 963. *Despertt* does not stand for the proposition that a trial court's declaration of guilt or acquittal of itself bars re-prosecution; rather *Despertt* illustrates the principle that *once jeopardy attaches, the trial court's declaration of acquittal or conviction erects the barrier to double jeopardy. See also United States v. Martin Linen Supply Co.,* 430 U.S. 564, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977); *Fong Foo v. United States,* 369 U.S. 141, 82 S.Ct. 671, 7 L.Ed.2d 629 (1962). The key word, of course, is jeopardy. Absent jeopardy, a trial judge's declaration of acquittal is meaningless and is no more of a barrier to another trial than a mist is to the thrust of a sword. In the instant matter, no jeopardy attached at trial;

**20**

there could be, therefore, no double jeopardy. Since there is not, the State is not precluded from prosecuting the appellee.

JUDGMENT REVERSED. CASE REMANDED FOR FURTHER PROCEEDINGS.

COSTS TO BE PAID BY APPELLEE.