774 A.2d 387

**David I. FARRELL,**

v.

**STATE of Maryland.**

No. 33, Sept. Term, 2000.

Court of Appeals of Maryland.

June 22, 2001.

500

Benjamin J. Woolery (Richard M. McGill, on brief), Upper Marlboro, for petitioner.

Diane E. Keller, Assistant Attorney General (J. Joseph Curran, Jr., Attorney General of Maryland, on brief), Baltimore, for respondent.

Argued before BELL, C.J., and ELDRIDGE, RODOWSKY,* RAKER, WILNER, CATHELL and HARRELL, JJ.

ELDRIDGE, Judge.

We granted a petition for a writ of certiorari in this criminal case to determine whether the retrial of the defendant would violate the prohibition against double jeopardy on the ground that the defendant had previously been acquitted of the same offenses.

## I.

David I. Farrell was initially charged by citations numbered OU396860 and OU396861 in the District Court of Maryland, Prince George's County, with exceeding the maximum speed limit and negligent driving in violation of Maryland Code (1977, 1999 Repl.Vol.), §§ 21–801.1 and 21–901.1 of the Transportation Article. The case was set for trial on November 19, 1998, and, on that date, the case was called in open court before Judge Josef Brown. Farrell appeared with his attorney and entered a plea of not guilty. After no witnesses appeared on behalf of the State, Judge Brown found Farrell "not guilty" and entered judgment to this effect. The State filed no motions or other documents in the citation case after the not guilty verdicts.

---

* Rodowsky, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

Twenty-eight days later, on December 17, 1998, the State instituted a new prosecution by filing in the District Court, Prince George's County, a second set of identical charges against Farrell by criminal information (MV Numbers S090785 and S090786). On January 27, 1999, Farrell, by his attorney, filed a motion to dismiss on the ground that the new charges were barred under established double jeopardy principles.

A hearing on the motion to dismiss took place on February 25, 1999, before Judge Patrice E. Lewis of the District Court. Documentary evidence was presented to the court showing that the offenses charged under MV Numbers S090785 and S090786 had previously been charged by traffic citations OU396860 and OU396861, had been called for trial on November 19, 1998, and had resulted in not guilty verdicts. The assistant state's attorney representing the State acknowledged that he had listened to the tape of the November 19, 1998, proceeding, and he conceded that "not guilty" verdicts were rendered on the identical charges at that time. The State, however, argued that the new charges should not be dismissed on double jeopardy grounds because there was a good reason why no witnesses appeared for the State at the trial on November 19, 1998. The assistant state's attorney represented that, in early November 1998, the State had requested a postponement of the November 19th trial date and that the State had been informed that the trial had been postponed. According to the assistant state's attorney, the police officer and other witnesses were not present at the November 19th trial because they believed that the trial had been postponed.[1]

The District Court held that, regardless of what the State had been told concerning a postponement, the not guilty verdicts rendered on November 19, 1998, required the dis-

---

1. No documentary evidence was presented at the hearing on February 25, 1999, showing that the November 19, 1998, trial date had been postponed. Furthermore, the record before this Court contains no indication, beyond the State's representations, that the trial date was postponed. Nonetheless, our decision in this case is not dependent upon whether the State was informed that the trial date was postponed.

missal of the new charges. The District Court dismissed the second set of charges, with prejudice, on the ground of double jeopardy.

The State appealed the dismissal to the Circuit Court for Prince George's County, pursuant to Maryland Code (1974, 1998 Repl.Vol.), §§ 12–401(b)(1)(ii) and 12–401(c) of the Courts and Judicial Proceedings Article and Maryland Rule 7–102.[2] After receiving legal memoranda, the Circuit Court reversed the judgment of the District Court and ordered that the criminal information charges of exceeding the maximum speed limit and negligent driving be reinstated and that the case be remanded for a trial.

Farrell filed in this Court a petition for a writ of certiorari which we granted. *Farrell v. State,* 359 Md. 333, 753 A.2d 1031 (2000). Farrell argues that, under settled double jeopardy principles, the not guilty verdicts rendered on November 19, 1998, barred a subsequent prosecution for the identical

---

2. Section 12–401(b) and (c) of the Courts and Judicial Proceedings Article states:

"**§ 12–401. Right of appeal generally.**

\* \* \*

(b) *Criminal cases.*—In a criminal case:

(1) The State may appeal from a final judgment entered in the District Court:

(i) If the State alleges that the trial judge failed to impose the sentence specifically mandated by the Code; or

(ii) Granting a motion to dismiss, or quashing or dismissing a charging document.

(2) The defendant may appeal even from a final judgment entered in the District Court though imposition or execution of sentence has been suspended.

(c) *Criminal appeal.*—Notwithstanding any other provision of law, an appeal taken under subsection (b)(1)(ii) of this section shall be:

(1) To the circuit court solely for the purpose of reviewing the judgment of the District Court; and

(2) Heard on the record made in the District Court."

Rule 7–102 provides in pertinent part as follows:

"(a) **On the record.** An appeal shall be heard on the record made in the District Court in the following cases:

\* \* \*

(5) an appeal by the State from a judgment quashing or dismissing a charging document or granting a motion to dismiss in a criminal case."

offenses. He invokes both the double jeopardy prohibition of the Fifth Amendment to the United States Constitution and Maryland's common law double jeopardy prohibition. In connection with the double jeopardy prohibition under Maryland common law, Farrell particularly relies on *Daff v. State*, 317 Md. 678, 566 A.2d 120 (1989).

The State asserts that, because it had been granted a postponement, the original charges were called for trial on November 19, 1998, as a result of a "clerical error" committed by the clerk's office of the District Court. Thus, according to the State, the prosecution had no opportunity to present evidence at the November 19th "trial." Consequently, the State's argument continues, jeopardy did not attach at the November 19th proceeding, and the filing of subsequent identical charges did not place Farrell in "double jeopardy."

## II.

As this Court has pointed out on a multitude of occasions, the double jeopardy prohibition protects a criminal defendant from successive prosecution as well as cumulative punishment for the same offense. It is applicable to criminal prosecutions in this State by virtue of the Fifth and Fourteenth Amendments to the United States Constitution and Maryland common law. *See, e.g., Ware v. State*, 360 Md. 650, 708, 759 A.2d 764, 794–795 (2000); *Jones v. State*, 357 Md. 141, 156–157, 742 A.2d 493, 501 (1999); *Gianiny v. State*, 320 Md. 337, 347, 577 A.2d 795, 800 (1990); *Middleton v. State*, 318 Md. 749, 756, 569 A.2d 1276, 1279 (1990); *Daff v. State, supra*, 317 Md. at 683, 566 A.2d at 122; *Wright v. State*, 307 Md. 552, 561–562, 515 A.2d 1157, 1162 (1986); *Brooks v. State*, 299 Md. 146, 154–155, 472 A.2d 981, 986 (1984); *Ward v. State*, 290 Md. 76, 81, 427 A.2d 1008, 1011 (1981); *Block v. State*, 286 Md. 266, 268, 407 A.2d 320, 321 (1979); *Parojinog v. State*, 282 Md. 256, 260, 384 A.2d 86, 88 (1978); *Pugh v. State*, 271 Md. 701, 704–705, 319 A.2d 542, 544 (1974).

"Perhaps the most fundamental rule in the history of double jeopardy jurisprudence has been that '[a] verdict of

acquittal ... could not be reviewed, on error or otherwise, without putting [a defendant] twice in jeopardy, and thereby violating the Constitution.' " *United States v. Martin Linen Supply Co.,* 430 U.S. 564, 571, 97 S.Ct. 1349, 1354, 51 L.Ed.2d 642, 651 (1977), quoting *United States v. Ball,* 163 U.S. 662, 671, 16 S.Ct. 1192, 1195, 41 L.Ed. 300, 303 (1896). *See, e.g., Smalis v. Pennsylvania,* 476 U.S. 140, 144–145 n. 7, 106 S.Ct. 1745, 1748 n. 7, 90 L.Ed.2d 116, 121 n. 7 (1986) ("The status of the trial court's judgment as an acquittal is not affected by the Commonwealth's allegation that the court" ... " 'errone-ous[ly] interpret[ed] ... [a] governing legal principle' ") (cita-tion omitted); *Arizona v. Rumsey,* 467 U.S. 203, 211, 104 S.Ct. 2305, 2310, 81 L.Ed.2d 164, 171 (1984) ("In making its find-ings, the trial court relied on a misconstruction of the statute ..., [however], [r]eliance on error of law, ... does not change the double jeopardy effects of a judgment that amounts to an acquittal ..."); *United States v. Scott,* 437 U.S. 82, 98, 98 S.Ct. 2187, 2197, 57 L.Ed.2d 65, 79 (1978) ("the fact that 'the acquittal may result from erroneous evidentiary rulings or erroneous interpretations of governing legal principles,' ... affects the accuracy of that determination, but it does not alter its essential character"); *Sanabria v. United States,* 437 U.S. 54, 78, 98 S.Ct. 2170, 2186, 57 L.Ed.2d 43, 63 (1978) ("The trial court's rulings here led to an erroneous resolution in the defendant's favor on the merits of the charge. As *Fong Foo v. United States,* makes clear, the Double Jeopardy Clause abso-lutely bars a second trial in such circumstances"); *Fong Foo v. United States,* 369 U.S. 141, 143, 82 S.Ct. 671, 672, 7 L.Ed.2d 629, 631 (1962) (a defendant acquitted at trial may not be retried for the same offense, even if the legal rulings underly-ing the acquittal were clearly erroneous); *Daff v. State, supra,* 317 Md. at 684, 566 A.2d at 123 ("Once a trial judge has intentionally rendered a verdict of not guilty, a subsequent change of mind is prohibited"); *Block v. State, supra,* 286 Md. at 273 274, 407 A.2d at 324 (1979) ("an improper or defective exercise of jurisdiction does not deprive an acquittal of its finality. Instead, as long as the court rendering a not-guilty

verdict has jurisdiction over the offense, the verdict is a bar to further criminal proceedings on the same charge").

 As previously indicated, Farrell relies on both the Double Jeopardy Clause of the Fifth Amendment and the Maryland common law double jeopardy prohibition. We shall hold that the District Court correctly dismissed the new charges under Maryland's common law prohibition against double jeopardy. Therefore, consistent with our "established principle that a court will not decide a constitutional issue when a case can properly be disposed of on a non-constitutional ground," [3] we shall not reach the issue of whether the Fifth and Fourteenth Amendments also required the dismissal of the charges.[4]

 In holding that an intentionally rendered verdict of "not guilty" is final and precludes, under Maryland common law, any further prosecution for the same offense, this Court in *Pugh v. State, supra,* 271 Md. at 705, 319 A.2d at 544, stated:

"From the earliest days, it has been clear that once a verdict of not guilty has been rendered at the conclusion of a criminal trial, that verdict is final and cannot be set aside. Any attempt to do so by the prosecutor is barred by what at common law was the plea of *autrefois acquit.* Thus, in

---

**3.** *Telnikoff v. Matusevitch,* 347 Md. 561, 578–579 n. 15, 702 A.2d 230, 239 n. 15 (1997). *See, e.g., McCarter v. State,* 363 Md. 705, 712–713, 770 A.2d 195, 199 (2001); *Becker v. State,* 363 Md. 77, 92, 767 A.2d 816, 823–824 (2001); *Baltimore Sun v. Mayor and City Council of Baltimore,* 359 Md. 653, 659, 755 A.2d 1130, 1133–1134 (2000); *Harryman v. State,* 359 Md. 492, 503 n. 6, 754 A.2d 1018, 1024 n. 6 (2000); *Ashford v. State,* 358 Md. 552, 561, 750 A.2d 35, 40 (2000); *Thrower v. State ex rel. Bureau of Support Enforcement,* 358 Md. 146, 149 n. 2, 747 A.2d 634, 636 n. 2 (2000), and cases there cited.

**4.** By not reaching the federal constitutional issue, we do not suggest that the result would be different under the Fifth and Fourteenth Amendments. We are merely making it clear that our decision is based exclusively upon Maryland common law. *See, e.g., Michigan v. Long,* 463 U.S. 1032, 1041, 103 S.Ct. 3469, 3476, 77 L.Ed.2d 1201, 1214 (1983); *Frankel v. Board of Regents,* 361 Md. 298, 313–314 n. 3, 761 A.2d 324, 332 n. 3 (2000), and cases there cited.

*State v. Shields,* 49 Md. 301, 303 (1878), our predecessors declined to construe a statute as permitting the State to appeal a verdict of acquittal, saying:

'It has always been a settled rule of the common law that after an acquittal of a party upon a regular trial on an indictment for either a felony or a misdemeanor, the verdict of acquittal can never afterward, on the application of the prosecutor ... be set aside....'

"The Court in *Shields* went on to point out that it made no difference whether the acquittal was based on a mistake of law or a mistake of fact. *See also State v. Adams,* 196 Md. 341, 348, 76 A.2d 575 (1950); *Cochran v. State,* 119 Md. 539, 544, 87 A. 400 (1913); *State v. Campbell and Reeves, supra,* 7 Md.App. [538] at 540–541, [256 A.2d 537, 538–539 (1969)]."

The common law principle applied in *Pugh v. State, supra,* 271 Md. 701, 319 A.2d 542, and *State v. Shields, supra,* 49 Md. 301, has been reiterated by this Court on numerous occasions. *See, e.g., State v. Ghajari,* 346 Md. 101, 109, 695 A.2d 143, 146 (1997) ("a not guilty verdict may not be disturbed or revised by any Maryland court ... if [the] verdict of not guilty has been intentionally rendered by a court"); *Wright v. State, supra,* 307 Md. at 562–563, 515 A.2d at 1162 (the grant of a motion for judgment of acquittal, after the prosecution's case, precludes further trial proceedings and conviction for the same offense); *Brooks v. State, supra,* 299 Md. at 155, 472 A.2d at 986 ("Once a trial judge intentionally acquits a defendant of a criminal offense over which the court has jurisdiction, the prohibition against double jeopardy does not permit him to change his mind. The grant of the motion for judgment of acquittal was a bar to further criminal proceedings on the same charge"); *Block v. State, supra,* 286 Md. at 273–274, 407 A.2d at 324 ("the fact that the court may not have been authorized under the rules to render the verdict does not make it void for double jeopardy purposes. The cases make it clear that an improper or defective exercise of jurisdiction does not deprive an acquittal of its finality. Instead, as long as the court rendering a not-guilty verdict has jurisdiction

over the offense, the verdict is a bar to further criminal proceedings on the same charge").

As argued by Farrell's counsel, this Court's decision in *Daff v. State, supra,* 317 Md. 678, 566 A.2d 120, is directly on point. The defendant Daff had been charged in the District Court of Maryland with assault and battery of two persons, and, upon Daff's request for a jury trial, the case was transferred to the Circuit Court for Anne Arundel County. Trial in the Circuit Court was scheduled for September 4, 1987. When the case was called for trial on September 4th, none of the prosecution's witnesses were present. The assistant state's attorney handling the prosecution stated that requests for the issuance of subpoenas for the witnesses had been given to the clerk of the court but that for some reason the subpoenas had not been issued. The prosecuting attorney requested a postponement of the trial. The court denied the request for postponement and suggested that the State nol pros the charges. The prosecuting attorney, however, refused to nol pros the two charges. The court thereupon rendered not guilty verdicts on both charges. About two months later, the State filed a bill of information in the Circuit Court for Anne Arundel County charging Daff with the identical assault and battery offenses. The Circuit Court granted Daff's motion to dismiss the information on double jeopardy grounds. Upon the State's appeal, the Court of Special Appeals reversed on the theory that jeopardy had not attached when the not guilty verdicts were entered and that, therefore, the prosecution was free to renew the charges. This Court reversed the judgment of the Court of Special Appeals and directed that the trial court's dismissal on double jeopardy grounds be affirmed.

In holding that the not guilty verdicts barred any subsequent prosecution for the same offenses, Judge McAuliffe for the Court in *Daff* reviewed the prior Maryland cases and other authorities (317 Md. at 684–685, 566 A.2d at 123–124):

"The principle embodied in the plea of *autrefois acquit* has been broadly interpreted. A verdict of not guilty, even though not followed by a judgment on the docket, is sufficient to invoke the protection. *Pugh v. State, supra,* 271

Md. at 706–07, 319 A.2d 542. Once a trial judge has intentionally rendered a verdict of not guilty, a subsequent change of mind is prohibited even though the judge may be convinced, even moments later, that the verdict was errone-ous. *Id.* at 707, 319 A.2d 542; *Brooks v. State, supra,* 299 Md. at 155, 472 A.2d 981. The court entering the acquittal must have basic subject matter jurisdiction, but procedural errors will not affect the efficacy of the acquittal for jeopar-dy purposes. 2 Hawkins, *Pleas of the Crown* 521 (8th ed. 1824); 2 Hale's *Pleas of the Crown,* 247 (1st Am.Ed.1847). *See Block v. State, supra,* 286 Md. at 273–74, 407 A.2d 320 (improper or defective exercise of jurisdiction does not deprive an acquittal of its finality); *Parojinog v. State,* 282 Md. 256, 384 A.2d 86 (1978) (although juvenile judge lacked authority under the statute and rules to enter a verdict when he did, the verdict is final for jeopardy purposes because the court had subject matter jurisdiction and juris-diction over the respondent). An acquittal entered after trial on a fatally defective indictment is nevertheless effec-tive to bar a subsequent prosecution for the same offense if the court had jurisdiction of the cause and of the party.

\* \* \*

"In the instant case, the Circuit Court for Anne Arundel County had jurisdiction over the subject matter and over the defendant. The case had been called for trial, and the State's request for a postponement had been denied. If we assume that the trial judge erred in denying the State's request, or even that the judge was not the designee of the administrative judge authorized by the rules to grant a postponement, neither of these matters would affect the finality of an acquittal thereafter entered on the ground of insufficiency of the evidence."

The State in *Daff,* like the State in the case at bar, argued that, because no evidence had been presented and no wit-nesses had been sworn, jeopardy had not attached, and that, therefore, the filing of new charges was not "double jeopardy." This Court pointed out that the issue of whether jeopardy had

attached, in the sense of the presentation of evidence or the swearing of witnesses, has no relevance to the finality of an acquittal under common law principles (317 Md. at 688–689, 566 A.2d at 125–126):

"The language relied upon by the State in connection with the question of when jeopardy attaches has largely evolved from cases dealing with mistrials or terminations other than by verdicts of guilty or not guilty. *See, e.g., Crist v. Bretz, supra* [437 U.S. 28, 98 S.Ct. 2156, 57 L.E.2d 24(1978)]; *Serfass v. United States,* 420 U.S. 377, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975). Even under that line of cases, it is far from clear that the Supreme Court would hold that jeopardy had not attached in the instant case, within the meaning of the former acquittal protection of the Fifth Amendment.

\* \* \*

"In any event, we reach the same conclusion under our interpretation of the common law of double jeopardy as it exists in this State. The plea of *autrefois acquit* was available when an acquittal followed a trial. It made no difference that the State's evidence may have been woefully deficient at that trial. Indeed, one may assume that the acquittal usually reflected the inadequacy of the State's case. We think the defense is no less available when the State's case has been completely deficient than when the State's case has been only partially deficient."

In the present circumstances, as in *Daff,* the trial court had jurisdiction over the offenses and over the defendant, and the trial court intentionally rendered not guilty verdicts. Under settled Maryland common law principles, the acquittals were final, and the State was precluded from bringing a new prosecution charging the same offenses.

*JUDGMENT OF THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY REVERSED, AND CASE REMANDED TO THAT COURT WITH DIRECTIONS TO AFFIRM THE JUDGMENT OF THE DISTRICT COURT OF MARY-*

*LAND. PRINCE GEORGE'S COUNTY TO PAY THE COSTS.*