584 A.2d 700

William Leonard JOHNSON

v.

STATE of Maryland.

No. 90, Sept. Term, 1989.

Court of Appeals of Maryland.

Jan. 24, 1991.

Michael R. Braudes, Asst. Public Defender (Alan H. Murrell, Public Defender, both on brief) Baltimore, for petitioner.

Ann N. Bosse, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Kreg Paul Greer, Asst. Atty. Gen., all on brief) Baltimore, for respondent.

Argued before MURPHY, C.J., ELDRIDGE, RODOWSKY and McAULIFFE, JJ., and COLE *, ADKINS ** and HOWARD S. CHASONOW ***, Court of Appeals Judges, Specially Assigned.

MURPHY, Chief Judge.

William Leonard Johnson was convicted by a jury in the Circuit Court for Prince George's County of second degree rape and assault; he was sentenced to twenty years and three years, respectively, to run concurrently. The judgments were affirmed by a majority of a divided panel of the Court of Special Appeals in an unreported opinion. We granted certiorari.

Prior to trial Johnson moved to suppress evidence of an extra-judicial photographic and an in-court identification of him by the victim. At a pretrial hearing on the motion, an

---

* Cole, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Art. IV, Sec. 3A, he also participated in the decision and the adoption of this opinion.

** Adkins, J., was a member of the Court at the time the appeal was argued but retired prior to the adoption of this opinion.

*** Chasanow, J., a judge of the Circuit Court for Prince George's County, was specially assigned to this Court at the time the appeal was argued. He had been commissioned and had qualified as a judge of this Court at the time of the adoption of this opinion.

in-court line-up was conducted, consisting of Johnson and four other men. The victim did not make an identification. At the guilt stage of the trial, before the jury, she identified Johnson as one of her assailants. She said that because Johnson's family knew her name and address, and she was scared of being harmed, she did not identify Johnson at the pretrial in-court line-up. At the conclusion of the State's case in chief, the defense called one of the men who stood in the pretrial line-up. He testified that after the line-up procedure was over, he saw the victim in the hall. At that point, a bench conference ensued out of the hearing of the jury. Defense counsel proffered that the witness would testify that he saw the victim engage in conversation with the brother of another woman Johnson was accused of raping. The witness overheard the brother tell the victim that

> "they are making you look stupid, that now they are saying you are delirious and don't know what you are talking about. The guy you should have picked out was number two."

Number two was Johnson. Defense counsel further proffered that the victim told a police officer that her assailant was the number two man in the line-up but that she had not identified him because she was scared.[1] The trial judge opined that the proffered testimony was hearsay and was inadmissible. She observed that if defense counsel wanted to pursue the matter, he could only do so through the man the witness saw speaking to the victim.

■ Before the Court of Special Appeals, Johnson claimed that the trial judge's suppression of the proffered evidence was erroneous. The intermediate appellate court agreed. It observed that the testimony "was offered solely to impeach the portion of the victim's testimony wherein

---

**1.** A police officer had testified earlier, without objection, that after viewing the line-up, the victim told him that while one of the men who had assaulted her was in the line-up, she did not identify him because she feared retribution.

she had stated that the only reason she had not identified [Johnson] in the line-up was because she was scared." It declared, we think correctly, that the defense should have been permitted "to offer this [evidence as] impeachment." The proffered testimony went to the victim's motive or state of mind when she identified Johnson at trial. It tended to discredit her testimony by establishing that she may have been prompted to identify Johnson by pointing out her failure to mention the encounter with another victim's brother, and by suggesting a different reason for her failure to identify Johnson in the line-up other than her fear. The proffered testimony was not offered as substantive evidence, but only to impeach the victim. To that end it was clearly admissible, whether characterized as an exception to the hearsay rule, or as not hearsay at all. *Smith v. State*, 273 Md. 152, 161, 328 A.2d 274 (1974); *Smith v. Branscome*, 251 Md. 582, 592, 248 A.2d 455 (1968); *Sun Cab Co., Inc. v. Cusick*, 209 Md. 354, 361–362, 121 A.2d 188 (1956); *Faulkner v. State*, 73 Md.App. 511, 516–517, 534 A.2d 1380 (1988), *rev'd on other grounds*, 314 Md. 630, 552 A.2d 896 (1989).

■ The intermediate appellate court, one judge dissenting, thereafter concluded that the error of the trial court's suppression of the evidence was harmless and it affirmed the judgments entered against Johnson.

Relying upon *Dorsey v. State*, 276 Md. 638, 350 A.2d 665 (1976), Johnson contends that the error was not harmless. We said in *Dorsey:*

"[W]hen an appellant, in a criminal case, establishes error, unless a reviewing court, upon its own independent review of the record, is able to declare a belief, beyond a reasonable doubt, that the error in no way influenced the verdict, such error cannot be deemed 'harmless' and a reversal is mandated. Such reviewing court must thus be satisfied that there is no reasonable possibility that the evidence complained of—whether erroneously admitted or excluded—may have contributed to the rendition of the guilty verdict."

*Id.* at 659, 350 A.2d 665. *See also Brooks v. State,* 299 Md. 146, 156–157, 472 A.2d 981 (1984); *Ross v. State,* 276 Md. 664, 674, 350 A.2d 680 (1976).

The legal sufficiency of the evidence to prove the crime of second degree rape proscribed by Md.Code (1957, 1987 Repl.Vol., 1990 Cum.Supp.) Art. 27, § 463, is not disputed. The heart of the defense was that Johnson was not the criminal agent, and the case turned on the victim's identification of him as one of her assailants. Johnson points out that "there was no scientific evidence, such as hair matching, or D.N.A. analysis, to link [him] to this crime."

On the record in this case, we cannot conclude, beyond a reasonable doubt, that the error was harmless. As was so well stated by the dissent in the Court of Special Appeals:

"The issue of criminal agency was a close one: although the victim had identified [Johnson] by photo within days of the incident, she had been unable to identify [Johnson] at a lineup held in court. Under the circumstances, therefore, the reason why the victim was unable to identify [Johnson] in the in-court lineup was extremely relevant: was it because of fear, as she stated in testimony, or because of what was said to her by a relative of another victim of rape? That [Johnson] chose not to cross-examine the victim on this point, choosing instead to wait and present extrinsic evidence, says nothing about the quality of the evidence. In other words, the court's error in excluding the evidence is not rendered harmless by that fact."

For these reasons, we think Johnson is entitled to a new trial.[2]

JUDGMENTS OF THE COURT OF SPECIAL APPEALS VACATED; CASE REMANDED TO THAT COURT WITH DIRECTIONS TO REMAND THE CASE TO THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY FOR A

---

**2.** In view of our holding, we do not reach the other questions presented by Johnson.

NEW TRIAL; COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY PRINCE GEORGE'S COUNTY.