522 A.2d 1338

**Walter Anthony GORE**

v.

**STATE of Maryland.**

**No. 58 Sept. Term, 1986.**

Court of Appeals of Maryland.

April 1, 1987.

Gary S. Offutt, Asst. Public Defender (Alan H. Murrell, Public Defender, on the brief), Baltimore, for appellant.

Richard B. Rosenblatt, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., on the brief), Baltimore, for appellee.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, COUCH and McAULIFFE JJ., and MARVIN H. SMITH, Associate Judge of the Court of Appeals (retired), Specially Assigned.

COUCH, Judge.

In this case we must determine whether a trial judge erred when he told a jury in a criminal case that

"one of the attorneys mentioned to you that the evidence was insufficient upon which you could make a finding of guilty as to a certain count. Sufficiency of the evidence is a matter of law. The Court decided that, not the Jury. Whether you believe that evidence beyond a reasonable doubt is for you to decide. But the counts could never go to you if there were not evidence suffi-

cient under the law; whether you believe it and weigh it so that you have no reasonable doubt is for you, the Jury, to decide."

We shall hold that the court erred.

I

The petitioner, Walter Anthony Gore, was convicted in a jury trial in the Circuit Court for Prince George's County of first degree rape, false imprisonment, robbery with a deadly weapon and use of a handgun in the commission of a crime of violence. During closing argument Gore's counsel made the following statement to the jury:

"I say, take the testimony and you believe all, the entire testimony of both Sandra Edwards and Derrick Dixon and there's insufficient testimony for you to be able to conclude that what was being displayed at that time was in fact an operable revolver as opposed to either a pellet gun, a starter pistol or revolver that was in fact at that time not operable, simply because you do not know.

Now, you have the authority, okay, and the Court has instructed you that you have the ability or authority to infer from all the facts in front of you, but that does not allow you the right to speculate, because you have a sworn duty to try this case solely on the facts before you and not speculate. So with respect to that count alone, if you believe everything that was said, there's insufficient evidence for a finding."

No objection was made by the State. However, at a bench conference shortly thereafter, the result of an objection by the State regarding a different statement made by Gore's attorney during closing argument, the following colloquy ensued:

"THE COURT: Let me tell you something. I am going to tell you right now. You [defense counsel] told them it was insufficient for them to find that that was a handgun. I'm sorry, Tony, but I'm going to tell them when it's all over, when it gets ready to go to the jury,

if there was insufficient evidence on any count, the law requires me to stop it and not send it to them. There is sufficient evidence if they believe beyond a reasonable doubt to make the finding. You told them there was insufficient evidence."

[DEFENSE COUNSEL]: Perhaps I can clarify.

THE COURT: I'm going to do it. I can assure you, I'm going to do it.

[DEFENSE COUNSEL]: I would object to that, Your Honor.

THE COURT: You can object all you want, but I'm going to do it. Go on."

At the end of closing arguments the trial judge stated to the jury what we have set forth at the beginning of this opinion. No further objection was taken by defense counsel.

Gore noted an appeal to the Court of Special Appeals and that court affirmed the convictions in an unreported *per curiam* opinion. The Court of Special Appeals concluded:

"Our affirmance on the merits is only foreclosed by the failure of the appellant to make an objection and by our absolute disinclination to review a non-preserved issue under the notion of 'plain error.' "

We granted the petition for writ of certiorari to review the judgment of the intermediate appellate court.

## II

The threshold issue is whether the error assigned to the instruction is preserved for review as of right, and, if not, whether this Court will take cognizance of the error under the plain error doctrine. We do not reach the issue of plain error for we perceive petitioner's objection to the instruction as sufficient to preserve the assigned error for our consideration.

Md. Rule 4–325(e) governs objections to jury instructions in criminal cases and provides, in pertinent part, as follows:

No party may assign as error the giving or failure to give an instruction unless the party objects on the record promptly after the court instructs the jury, stating distinctly the matter to which the party objects and the grounds of the objection.

Rule 4–325(e) makes clear that an objection to a jury instruction is not preserved for review unless the aggrieved party makes a timely objection after the instruction is given and states the specific ground of objection thereto.

Gore first argues that the trial judge's comment to the jury was not an instruction within the contemplation of Rule 4–325. Gore maintains that Rule 4–325 refers only to a trial court's instruction at the conclusion of the evidence and directs our attention to Rule 4–322(c) which covers objections to "[o]ther rulings and [o]rders." [1] Under 4–322(c), error is preserved if the party "at the time the ruling or order is sought, makes known to the court the action that the party desires the court to take or the objection to the action of the court."

Contrary to Gore's assertion that the communication to the jury is an order or ruling, we characterize the communication as a supplemental instruction on the sufficiency of the evidence to sustain a conviction. Subsection (a) of Rule 4–325 directs the trial court to instruct the jury at the conclusion of the evidence, but also permits the court to give additional subsequent instructions where appropriate. Hence, we find no merit to Gore's initial contention

---

1. Rule 4–322

   (c) *Objections to Other Rulings or Orders.*—For purposes of review by the trial court or on appeal of any other ruling or order, it is sufficient that a party, at the time the ruling or order is made or sought, makes known to the court the action that the party desires the court to take or the objection to the action of the court. The grounds for the objection need not be stated unless these rules expressly provide otherwise or the court so directs. If a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection at that time does not constitute a waiver of the objection.

and regard the judge's comment to the jury as a supplemental instruction.

In the alternative, Gore, relying on *Bennett v. State*, 230 Md. 562, 188 A.2d 142 (1962), contends that substantial compliance with Rule 4–325(e) is sufficient to preserve error for appellate review. We are persuaded that substantial compliance with Rule 4–325(e), under the limited circumstances hereinafter expressed, is sufficient to preserve review of assigned error as of right. We are further persuaded that Gore's objection to the instruction is in substantial compliance with Rule 4–325(e).

In *Bennett v. State, supra*, defense counsel submitted four proposed instructions to the trial judge in a chambers conference after the close of evidence. The trial judge granted three of the requested instructions. On the issue of whether the trial judge's refusal to grant the other instruction was preserved for review, the Court in *Bennett* stated:

"In the instant case, where the requests for instructions were submitted to the court in writing and written instructions to the jury were prepared by the court and were discussed in chambers with counsel for both parties before the charge was read to the jury in open court, it is clear that the trial court was fully aware of the particular instruction the defendant desired the court to give, for in rejecting the second request, the court noted in writing thereon that it was 'sufficiently covered in [the] court's instruction.' Moreover, the record discloses that the defendant not only objected then and there to the denial of the second requested instruction but also excepted to the refusal of the court to read it to the jury. And while no further exceptions were made to the prepared charge after it had been read to the jury, there was in this case no reason to repeat in the court room what had already been said and recorded by the reporter in chambers."
*Id.* at 568–69.

The *Bennett* Court further noted that the purpose of the requirement that the objection to the instruction be made

before the jury retired to consider its verdict—to give the trial court an opportunity to correct its charge if it deems correction necessary—had not been defeated by counsel's failure to renew the objection after the jury was instructed. *Id.* at 568, 188 A.2d 142.[2]

Several conditions for the establishment of substantial compliance with Rule 4–325(e) emerge from *Bennett:* there must be an objection to the instruction; the objection must appear on the record; the objection must be accompanied by a definite statement of the ground for objection unless the ground for objection is apparent from the record and the circumstances must be such that a renewal of the objection after the court instructs the jury would be futile or useless.

We are satisfied that Gore's objection at the bench conference was sufficient to establish substantial compliance with Rule 4–325(e) and therefore will review his assignment of error.

### III

■ As set forth in the beginning of the opinion, the trial judge gave the following instruction after closing arguments:

"one of the attorneys mentioned to you that the evidence was insufficient upon which you could make a finding of guilty as to a certain count. Sufficiency of the evidence is a matter of law. The Court decided that, not the Jury. Whether you believe that evidence beyond a reasonable doubt is for you to decide. But the counts could never go to you if there were not evidence sufficient under the law; whether you believe it and weigh it so that you have no reasonable doubt is for you, the Jury, to decide."

Gore argues that the instruction was an improper comment on the evidence. We agree with Gore's contention

---

**2.** The *Bennett* decision is based on former Rule 756(f), a predecessor to Rule 4–325(e). We note that former and present rules are functional equivalents.

and begin our analysis with a brief review of the functions of the judge and the jury in a criminal case.

Article 23 of the Maryland Declaration of Rights provides in pertinent part:

> In the trial of all criminal cases, the Jury shall be the Judges of the Law, as well as of fact, except that the Court may pass upon the sufficiency of the evidence.

The first phrase of Article 23, that the jury shall be the judge of the law as well as the fact, has been interpreted to mean that while the jury is the exclusive judge of the fact, the jury's role with respect to the law is limited to resolving conflicting interpretations of the legal effect of the evidence and disputes concerning the substantive law of the crime for which there is a sound basis. *Montgomery v. State,* 292 Md. 84, 87–91, 437 A.2d 654, 656–57 (1981); *Stevenson v. State,* 289 Md. 167, 423 A.2d 558 (1980). The second phrase, that the court may pass upon the sufficiency of the evidence, added by constitutional amendment effective December 1, 1950, confers upon the courts of this State the power to pass upon the sufficiency of the evidence to sustain a conviction in a criminal case. *Brooks v. State,* 299 Md. 146, 150–51, 472 A.2d 981, 983–84 (1984); *State v. Devers and Webster,* 260 Md. 360, 369–71, 272 A.2d 794, 799–80, *cert. denied,* 404 U.S. 824, 92 S.Ct. 50, 30 L.Ed.2d 52 (1971); *Gray v. State,* 254 Md. 385, 387–88, 255 A.2d 5, 6–7 (1969), *cert. denied,* 397 U.S. 944, 90 S.Ct. 961, 25 L.Ed.2d 126 (1970). *See also Ennis v. State,* 306 Md. 579, 510 A.2d 573 (1986). The provisions of Article 23 have been implemented by statute, Maryland Code (1957, 1982 Repl. Vol.), Article 27, § 593,[3] and the rules of this Court, Md. Rule 4–324 (1987).[4]

---

**3.** *§ 593. Jury to be judges of law and fact; motion for judgment of acquittal on ground of insufficiency of evidence.*

In the trial of all criminal cases, the jury shall be the judges of law, as well as of fact, except that at the conclusion of the evidence for the State a motion for judgment of acquittal on one or more

**4.** See note 4 on page 211.

The power to pass upon the sufficiency of the evidence is vested in the trial courts and the appellate courts. *See Brooks v. State,* 299 Md. 146, 150–51 n. 3, 472 A.2d 981, 984 (1984), and cases cited therein. The issue of the legal sufficiency of the evidence is raised at the *nisi prius* level by defense counsel upon motion for a judgment of acquittal or by the trial court upon its own motion. Md. Rule 4–324 (1987). We recently discussed the role of the trial court when the legal sufficiency of the evidence is at issue in *Brooks v. State, supra,* 299 Md. at 150–51, 472 A.2d 981 (citations and footnote omitted):

"In determining the disposition of a motion for judgment of acquittal ... the trial court is passing upon the sufficiency of the evidence to sustain a conviction. If the trial

---

counts, or on one or more degrees of an offense, may be made by an accused on the ground that the evidence is insufficient in law to justify his conviction as to any such count or degree. If the motion is denied, he may offer evidence on his own behalf without having reserved the right to do so, but by so doing, he withdraws his motion. The motion may be made at the close of all the evidence whether or not such motion was made at the conclusion of the evidence for the State. If the motion is denied, the defendant may have a review of such ruling on appeal.

4. Rule 4–324. MOTION FOR JUDGMENT OF ACQUITTAL

*(a) Generally.*—A defendant may move for judgment of acquittal on one or more counts, or on one or more degrees of an offense which by law is divided into degrees, at the close of the evidence offered by the State and, in a jury trial, at the close of all the evidence. The defendant shall state with particularity all reasons why the motion should be granted. No objection to the motion for judgment of acquittal shall be necessary. A defendant does not waive the right to make the motion by introducing evidence during the presentation of the State's case.

*(b) Action by the Court.*—If the court grants a motion for judgment of acquittal or determines on its own motion that a judgment of acquittal should be granted, it shall enter the judgment or direct the clerk to enter the judgment and to note that it has been entered by direction of the court. The court shall specify each count or degree of an offense to which the judgment of acquittal applies.

*(c) Effect of Denial.*—A defendant who moves for judgment of acquittal at the close of evidence offered by the State may offer evidence in the event the motion is not granted without having reserved the right to do so and to the same extent as if the motion had not been made. In so doing, the defendant withdraws the motion.

judge finds any relevant evidence which is legally sufficient to sustain a conviction, he must deny the motion for judgment of acquittal and allow the evidence to go before the trier of fact. The defendant is entitled to have the denial reviewed on appeal. If the trial judge finds that there is no relevant evidence which is legally sufficient to sustain a conviction, he must grant the motion for judgment of acquittal."

We think it is clear that the trial judge below was attempting to communicate the aforementioned principles to the jury in order to cure what the trial judge perceived as an improper statement in defense counsel's closing argument. We are, however, inclined to agree with Gore that the instruction may have improperly influenced the verdict.

We place principal reliance on our decision in *Dempsey v. State*, 277 Md. 134, 355 A.2d 455 (1976), where we addressed the propriety of an instruction advising the jury that the court had made a preliminary determination of the voluntariness of the defendant's confession. Judge Eldridge, writing for the Court in *Dempsey*, 277 Md. at 149–50, 355 A.2d 455, reviewed the decisions of this Court dealing with trial judges' comments to the jury regarding the evidence:

"In *United Rys. Co. v. Carneal*, 110 Md. 211, 232–233, 72 A. 771 (1909), and later in *Marino v. State*, 171 Md. 104, 110, 187 A. 858 (1936) and *Elmer v. State*, 239 Md. 1, 10–11, 209 A.2d 776 (1965), this Court stated:

'... [I]t is undoubtedly true that a trial Judge, because of his high and authoritative position, should be exceedingly careful in any remarks made by him during the progress of a trial, either in passing upon evidence or ruling upon prayers, and should carefully refrain, either directly or indirectly, from giving expression to an opinion upon the existence or not of any fact, which should be left to the finding of the jury....'

The principle was applied in *Elmer v. State, supra; Vandegrift v. State*, 237 Md. 305, 311, 206 A.2d 250

(1965); and *Newton v. State,* 147 Md. 71, 87–88, 127 A. 123 (1924), to hold that comments by the trial judge reflecting upon the credibility of witnesses constituted reversible error. In *Coffin v. Brown,* 94 Md. 190, 202–203, 50 A. 567 (1901), this Court, in holding that a trial judge committed reversible error when, in admitting a document into evidence, he commented to the jury upon the effect of that document, stated in language which is particularly appropriate here (94 Md. at 203, 50 A. 567):

'We are aware that it is sometimes difficult for the Court to assign reasons for its rulings without saying something that may unintentionally affect the jury. But if a judge makes a statement which shows his opinion of a question of fact which the jury is to pass on, it is very apt to make an impression on some, if not all, of the jurors and great care should be exercised to avoid it. In this case, although it was doubtless altogether unintentional on the part of the learned Judge who presided below, we are convinced that what he said was liable to influence the jury on an important question of fact, and hence it was error for him to make such a statement.' "

Judge Eldridge concluded for the Court in *Dempsey,* 277 Md. at 150, 355 A.2d 455:

"Under the Maryland procedure whereby the jury makes the ultimate decision on the voluntariness of a confession, a trial judge's comment to the jury that he has found the defendant's confession to be voluntary 'shows his opinion of a question of fact which the jury is to pass on,' *Coffin v. Brown, supra,* 94 Md. at 203 [50 A. 567]. In light of the settled law in this State regarding the proper scope of a trial judge's comments to the jury upon evidence, it is error for the judge to disclose in the presence of the jury his finding of voluntariness."

From the decisions of this Court addressing the permissible scope of a trial judge's comments upon the evidence, it

follows that it is generally improper for a trial judge to show his or her opinion of those matters upon which the jury will eventually pass. The object of this rule is simply to prevent the court's opinion from influencing the verdict.

Whether sufficient evidence exists to establish a conviction is both a matter of law and of fact. The question of the legal sufficiency of the evidence is raised by defense counsel upon motion for a judgment of acquittal or by the trial court upon its own motion. Md. Rule 4–324. The case is withdrawn from the jury if there is no legally sufficient evidence to support a conviction. *Id.* The sufficiency of the evidence is otherwise a matter of fact: the individual and total weight assigned to the evidence is within the exclusive province of the jury. *See Talley v. Dept. of Corrections,* 230 Md. 22, 28–29, 185 A.2d 352, 356 (1962) (footnotes omitted); J. Wigmore, *Evidence* § 2251 (Chadbourne rev. 1981).

The sufficiency in fact of the evidence was in the hands of the jury when the trial judge below instructed the jury that there was sufficient evidence as a matter of law to convict Gore. As such, we believe the instruction was an indirect comment on the general weight of the evidence as to each count and outside the permissible scope of comment.

Accordingly, we reverse the judgment of the Court of Special Appeals as to all counts.

JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED. CASE REMANDED TO THAT COURT WITH INSTRUCTIONS TO REVERSE THE JUDGMENT OF THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY AND REMAND TO THAT COURT FOR A NEW TRIAL AS TO ALL COUNTS. COSTS TO BE PAID BY PRINCE GEORGE'S COUNTY.