650 A.2d 954

Charles E. BOWMAN, III

v.

STATE of Maryland.

No. 19, Sept. Term, 1994.

Court of Appeals of Maryland.

Dec. 22, 1994.

Edward M. Chikofsky, Washington, DC, for appellant.

M. Jennifer Landis, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., both on brief), Baltimore, for appellee.

Argued before MURPHY, C.J., ELDRIDGE, RODOWSKY, CHASANOW, BELL and RAKER, JJ., and JOHN F. McAULIFFE, Judge (retired), Specially Assigned.

RAKER, Judge.

■  In this case, we are asked to decide whether the trial court erred in failing to instruct the jury on the doctrine of "imperfect" defense of others.[1]  We hold that appellant's claim

---

1. Appellant relies on the Maryland Pattern Jury Instructions for a definition of "imperfect" defense of others.  The relevant instruction provides the following alternatives:

    ■  If the defendant actually believed that the person defended was in immediate and imminent danger of death or serious bodily harm, even though a reasonable person would not have so believed, the defendant's actual, though unreasonable, belief is a partial defense of others and results in a verdict of voluntary manslaughter rather than murder.

    ■  If the defendant used greater force than a reasonable person would have used, but the defendant actually believed that the force used was necessary, the defendant's actual, though unreasonable, belief is a partial defense of others and results in a verdict of voluntary manslaughter rather than murder.

    MPJI–Cr 4:17.3 (enumeration added).  This Court has not decided whether Maryland law recognizes the doctrine of "imperfect" defense of others.  See State v. Faulkner, 301 Md. 482, 500 n. 7, 483 A.2d 759,

was not preserved for review, and we affirm the judgment of the Circuit Court for Prince George's County.[2]

Appellant Charles E. Bowman, III, was convicted by a jury in the Circuit Court for Prince George's County of one count of second degree murder, in violation of Maryland Code (1957, 1992 Repl.Vol., 1993 Cum.Supp.) Article 27, § 411, and one count of use of a handgun in the commission of a crime of violence, in violation of Article 27, § 36B. He was sentenced to thirty years imprisonment on the second degree murder charge and twenty years imprisonment for the handgun offense, both sentences to be served concurrently. He appealed his convictions to the Court of Special Appeals, and we issued a writ of certiorari prior to consideration of the case by that court 334 Md. 468, 639 A.2d 695.[3]

Our analysis begins with the fundamental proposition that appellate review of a jury instruction will not ordinarily be permitted unless the appellant has objected seasonably so as to allow the trial judge an opportunity to correct the deficiency before the jury retires to deliberate. *State v. Hutchinson*, 287 Md. 198, 202, 411 A.2d 1035, 1037 (1980); *Johnson v. State*, 310 Md. 681, 686, 531 A.2d 675, 677 (1987). The party making the objection also must specifically state the grounds therefor. *Gore v. State*, 309 Md. 203, 207, 522 A.2d

---

769 n. 7 (1984). Because of our disposition of this case, we shall not reach the question today.

**2.** Not only was the "imperfect" defense issue not preserved, but it was also not generated by the evidence. In Maryland, a criminal defendant bears "the burden of initially producing 'some evidence' on the issue of [an asserted defense] (or of relying upon evidence produced by the State) sufficient to give rise to a jury issue with respect to [that defense]." *State v. Evans*, 278 Md. 197, 207–08, 362 A.2d 629, 635 (1976). In this case, there was no evidence concerning Bowman's subjective belief, which is the touchstone of the "imperfect" defense doctrine. Thus, the issue was not generated.

**3.** Bowman originally sought review of a second issue, involving the State's use of grand jury testimony at trial and the trial court's failure to give a limiting instruction regarding that testimony. At oral argument, however, he withdrew this issue, in light of our decision in *Nance v. State*, 331 Md. 549, 629 A.2d 633 (1993).

1338, 1339 (1987). These principles are embodied in Maryland Rule 4–325(e), which provides in pertinent part:

No party may assign as error the giving or the failure to give an instruction unless the party objects on the record promptly after the court instructs the jury, stating distinctly the matter to which the party objects and the grounds of the objection.

In this case, the record is sparse concerning any discussions on proposed instructions which may have taken place between the court and counsel. We glean the following: At the conclusion of all the evidence, the trial judge invited counsel to chambers for an instruction conference. If any discussion took place, it was off the record and never summarized for the record. Before the court instructed the jury, Bowman's counsel advised the court, "I don't know if the Court noticed it and we did not discuss it at all, was a proposal for the Court to give an imperfect defense of others? I guess it's theoretically possible." [4]

■ After the court instructed the jury, defense counsel addressed the court at the bench. The following colloquy occurred:

[Defense Counsel]: Your Honor, the only thing I have is that even though you touched upon it, you really didn't go into a more specific kind of imperfect defense of others. But that's my only comment. I think it was a little sketchy, even though you incorporated some of it, but it wasn't exactly what I had in mind.

The Court: Okay. Again, I think the instructions as given are sufficient and I'm declining to give any further instructions.

[Defense Counsel]: Thank you, Your Honor.

As the record indicates, defense counsel made no express request, in writing or orally, for an instruction on "imperfect"

---

4. This quote suggests that counsel had submitted proposed jury instructions to the court in writing. No such written instructions appear in the record.

defense of others. He merely stated to the court that the instruction as given was not "exactly what [he] had in mind." Furthermore, counsel did not bring to the court's attention the portion of the instructions which he thought was "sketchy," nor did he state to the court in what manner the instructions should be amended.

We have recognized that, on occasion, an objection in substantial compliance with the Rule will be considered adequately preserved. *See Bennett v. State*, 230 Md. 562, 568, 188 A.2d 142, 145 (1963). In *Gore*, we noted the conditions necessary for the establishment of substantial compliance with Rule 4–325(e):

> [T]here must be an objection to the instruction; the objection must appear on the record; the objection must be accompanied by a definite statement of the ground for objection unless the ground for objection is apparent from the record and the circumstances must be such that a renewal of the objection after the court instructs the jury would be futile or useless.

309 Md. at 209, 522 A.2d at 1340. These requirements are not satisfied here. The remarks of Bowman's counsel did not constitute an objection to the instruction; he did not offer to the court a definite statement of the ground for his objection; the reasons for his dissatisfaction were not apparent from the record; and it certainly cannot be said that further objection would have been futile or useless.

The purpose of Rule 4–325(e) is to give the trial court an opportunity to correct an inadequate instruction. *Johnson*, 310 Md. at 686, 531 A.2d at 677. Here, the court conferred with counsel at the bench after the instructions were given but before the jury retired. By failing to offer specific additional instructions at this time, appellant waived his objection. We therefore hold, in accordance with Maryland Rule 4–325, that the issue is not preserved for our review.

*JUDGMENT OF THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY AFFIRMED. COSTS TO BE PAID BY THE APPELLANT.*