899 A.2d 934

**Gerald S. HARRIS**

v.

**STATE of Maryland.**

**No. 1839, Sept. Term, 2004.**

Court of Special Appeals of Maryland.

May 31, 2006.

100

Mark Colvin (Nancy S. Forster, Public Defender, on brief), for appellant.

Steven L. Holcomb (J. Joseph Curran, Jr., Atty. Gen., on brief), for appellee.

Panel DAVIS, EYLER, JAMES R. and KRAUSER, JJ.

KRAUSER, J.

A jury in the Circuit Court for Baltimore County found appellant, Gerald S. Harris, guilty of distribution of cocaine, possession of cocaine, and possession of marijuana but not guilty of possession of cocaine with intent to distribute. Thereafter, the circuit court sentenced appellant, a prior offender, to a mandatory term of twenty-five years' imprisonment without parole, under § 5–608(c) of the Criminal Law Article of the Maryland Code, for distribution of cocaine and a

concurrent term of one year's imprisonment for possession of marijuana.

Challenging both the convictions and the sentences he received, appellant presents five questions for our review. Reordered so that we may consider the most appeal-worthy issue first, they are:

1. Did the trial court err in sentencing Mr. Harris to 25 years without parole under Md.Code (2002, 2003 Supp.) Criminal Law Article, § 5–608(c)?

2. Did the trial court err in denying the motion for judgment of acquittal as to the charge of possession of cocaine with intent to distribute and in sending that count to the jury?

3. Did the trial court err in responding to a jury note requesting "a 'legal definition' of predisposition in regards to entrapment"?

4. Did the trial court err in permitting the State to present at sentencing, without prior notice to the defense, the testimony of an expert in fingerprint identification?

5. Did the trial court err in refusing to recommend to the Parole Commission that it consider drug treatment for Mr. Harris?

## BACKGROUND

Viewed in the light most favorable to the State, the evidence presented at trial showed that on April 14, 2003, appellant sold two-tenths of a gram of crack cocaine to an undercover policeman for $20. A search of appellant's person following his arrest produced a small amount of marijuana and a baggie containing a total of seven-tenths of a gram of crack cocaine.

## DISCUSSION

### I.

Appellant contends that the trial court erred in sentencing him to a mandatory term of twenty-five years' impris-

onment without parole under § 5–608(c) of the Criminal Law Article,[1] which provides:

### § 5–608 Same–Narcotic drug.

\* \* \*

(c) *Third time offender.*—

(1) A person who is convicted under subsection (a) of this section or of conspiracy to commit a crime included in subsection (a) of this section shall be sentenced to imprisonment for not less than 25 years and is subject to a fine not exceeding $100,000 if the person previously:

(i) has served at least one term of confinement of at least 180 days in a correctional institution as a result of a conviction under subsection (a) of this section, § 5–609 of this subtitle, or § 5–614 of this subtitle; and

(ii) has been convicted twice, if the convictions arise from separate occasions:

1. under subsection (a) of this section or § 5–609 of this subtitle;

2. of conspiracy to commit a crime included in subsection (a) of this section or § 5–609 of this subtitle;

3. of a crime under the laws of another state or the United States that would be a crime included in subsection (a) of this section or § 5–609 of this subtitle if committed in this State; or

4. of any combination of these crimes.

(2) The court may not suspend any part of the mandatory minimum sentence of 25 years.

(3) Except as provided in § 4–305 of the Correctional Services Article, the person is not eligible for parole during the mandatory minimum sentence.

(4) A separate occasion is one in which the second or succeeding crime is committed after there has been a charging document filed for the preceding crime.

---

1. Md.Code (2002, 2003 Sup.), § 5–608(c) of the Criminal Law Article.

On April 8, 2004, the State served on defense counsel, pursuant to Maryland Rule 4–245(c), notice of its intent to seek a sentence under § 5–608(c). At sentencing, the State introduced evidence with respect to two prior convictions. In Case No. 294290029, on November 23, 1994, appellant was convicted of possession of heroin with intent to distribute in the Circuit Court for Baltimore City and was sentenced to a term of eight years' imprisonment. The execution of seven years, eight months, and twenty-seven days was suspended in favor of a two-year term of probation. In Case No. 95–CR–2047, on December 12, 1996, appellant was convicted in the Circuit Court for Baltimore County of conspiracy to distribute cocaine and was sentenced to a term of ten years' imprisonment without parole commencing May 6, 1996. Division of Correction records pertaining to this conviction show that appellant was received at the Reception Center on December 16, 1996, and was released from the Division of Correction on January 5, 2002.

The trial court found that the State had shown that appellant was a third-time offender under § 5–608(c) and sentenced him a mandatory term of twenty-five years' imprisonment without parole. As appellant correctly notes:

[I]n order to invoke the mandatory penalty of 25 years without parole, the State must establish three predicates: (1) that the defendant is presently convicted of committing or conspiring to commit a crime included in § 5–608(a); (2) that the defendant has two prior convictions, arising from separate occasions, for committing or conspiring to commit a crime included in § 5–608(a) or § 5–609 or for committing a crime in another American jurisdiction that would be a crime included in § 5–608(a) or § 5–609 if committed in Maryland; and (3) that the defendant has served at least one term of confinement of at least 180 days in a correctional institution as a result of a conviction under § 5–608(a), § 5–609, or § 5–614. *See, e.g., Melgar v. State*, 355 Md. 339, 343–44, 734 A.2d 712 (1999).

Appellant concedes that the first two predicates were satisfied, but he contends that the third was not because the State

failed to establish that he "served at least one term of confinement of at least 180 days in a correctional institution as a result of a conviction under subsection (a) of this section, § 5–609 of this subtitle, or § 5–614 of this subtitle" as required by § 5–608(c)(1)(i). Although the term of confinement he served in Case No. 95–CR–2047 was admittedly longer than 180 days, it does not satisfy the requirements of § 5–608(c)(1)(i) because he served that term of confinement as a result of a conviction for conspiracy to distribute cocaine, not as a result of a conviction under § 5–608(a), § 5–609, or § 5–614. He points out that conspiracy to distribute cocaine is a common law misdemeanor, not a statutory crime, and that it is not included in the offenses encompassed by §§ 5–608(a), 5–609, or 5–614.

The State responds:

Looking to [the legislative] history, it is apparent that the General Assembly wanted to punish violators of Maryland drug laws, and that, those who had previously served a specific term of confinement of at least 180 days, were to be given a more harsh sentence for a subsequent violation, be it either manufacturing, distribution, or conspiring to distribute controlled dangerous substances. Indeed, looking to the present Section 5–608(c) as a whole and in context, this reading of the intent of the statute is sound, notwithstanding the absence of the word "conspiracy" in Section 5–608(c)(1)(i).

 We agree with appellant. As he notes in his reply brief, "The language of subsection (c)(1)(i) is clear and unambiguous, and the State does not claim otherwise." Moreover, an enhanced penalty statute, like the one before us, "is a highly penal statute that must be interpreted in light of the rule of lenity." *Deville v. State*, 383 Md. 217, 231, 858 A.2d 484 (2004). And that rule "instructs that a court 'not interpret a … criminal statute so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess as to what [the legislature] intended.'" *Melgar v. State*, 355 Md. 339, 347, 734 A.2d 712

(1999) (citations omitted). Any ambiguity in an enhanced penalty statute must therefore be read in favor of the accused and against the State. *Id.* at 351, 734 A.2d 712.

■ Of the three predicates the State must establish to invoke the enhanced penalty mandated by § 5–608(c), both the first, § 5–608(c)(1), and the second, § 5–608(c)(1)(ii), include the phrase "of conspiracy to commit a crime included in subsection (a) of this section." That phrase is conspicuously absent from the third predicate, § 5–608(c)(1)(i). Because a highly penal statute must be construed in accordance with what it actually says and not in accordance with what we think legislature may have intended it to say, we are constrained to vacate the sentence imposed for distribution of cocaine and to remand the case for resentencing on that count.

## II.

■ Although the jury found appellant not guilty of possession of cocaine with intent to distribute, he nonetheless asks us to determine whether the court erred in denying his motion for judgment of acquittal on that charge. While he acknowledges that "the acquittal as to the count charging possession of cocaine with intent to distribute renders harmless the court's error with respect to that count," he insists that "consideration must still be given to the impact that the error had on the jury's guilty verdict on the distribution charge." Relying on *Sherman v. State,* 288 Md. 636, 421 A.2d 80 (1980), and *Brooks v. State,* 299 Md. 146, 472 A.2d 981 (1984), he argues that "[g]iven the tendency of jurors to compromise and the secret character of jury deliberations, it is impossible to declare, beyond a reasonable doubt, that the possession with intent to distribute count played no role in the jury's deliberations and guilty verdict on the distribution count." But appellant's reliance on *Sherman* and *Brooks* for this novel proposition is misplaced.

In *Sherman,* the trial court entered judgments of acquittal on two counts of a five-count indictment. The court then allowed the jury, over the defendant's objection and contrary

to Maryland Rule 758(a), which was then in effect,[2] to take with it into the jury room the indictment which contained the two dismissed counts. The Court of Appeals concluded that the trial court's failure to comply with Rule 758(a) was not harmless error. Noting that "the rule provides in mandatory terms that no dead counts of a charging document be before the jury during its final deliberations," the Court ordered a new trial on the count of which the defendant had been convicted. 288 Md. at 642, 421 A.2d 80.

In *Brooks*, the trial judge granted a motion for judgment of acquittal on one of several charges but subsequently changed his mind. Over the defendant's objection, the judge submitted that charge, along with the others, to the jury. The Court of Appeals held that the prohibition against double jeopardy precluded the trial judge from changing his mind after granting a motion for judgment of acquittal. The Court also concluded that the submission of that charge to the jury may have tainted the verdicts on the remaining counts and that the defendant was, therefore, entitled to a new trial thereon.

There are several common threads in *Sherman* and *Brooks*. In both cases, the trial court, before the charges were submitted to the jury, determined that the evidence was insufficient to sustain a conviction of at least one of the charges. In both cases, despite the prior determination of evidentiary insufficiency, and over the defendant's objection, the "dead" charges were nonetheless submitted to the jury.

Here, the trial judge did not make a determination of evidentiary insufficiency before the charges were submitted to the jury; there were no "dead" counts at that time. *Bowers v. State*, 124 Md.App. 401, 416, 722 A.2d 419 (1999); *Braxton v. State*, 123 Md.App. 599, 654–55, 720 A.2d 27 (1998); *see Comi*

---

2. Rule 758(a) provided, "Upon retiring for deliberation, the jury may, with the approval of the court, take into the jury room all exhibits which have been admitted into evidence and charging documents which reflect only the charges upon which the jury is to deliberate, subject only to the safeguards imposed by the court for the preservation of the exhibits and the safety of the jurors." It has been replaced by Rule 4–326(b).

*v. State,* 26 Md.App. 511, 520–21, 338 A.2d 918 (1975). The gist of appellant's argument is that an appellate determination of evidentiary insufficiency to sustain a conviction of a charge that did not result in a conviction requires a new trial on another charge that did result in a conviction. He cites no authority in support of such a requirement; nor are we aware of any.

## III.

█ Appellant contends that the trial court erred in responding to a jury note requesting "a 'legal definition' of predisposition in regards to entrapment."

The court's instructions were tape recorded, and a cassette tape was provided to the jury to use during deliberations. About ten minutes after the jury retired to deliberate, the court received a note from the jury asking what "entrapment" meant. In response, the court referred the jury to the tape recorded instructions. About an hour later, the court received a second note from the jury asking, "Can we have a 'legal definition' of predisposition in regards to entrapment?" Again, the court responded by referring them to the instruction as recorded on the tape. Although appellant did not object to the court's response to the notes, he argues on appeal that "the judge should have instructed the jury that predisposition means propensity, or tendency or inclination, to commit the crime of distribution."

Maryland Rule 4–325(e) provides:

**Rule 4–325. Instructions to the jury.**

\* \* \*

(e) **Objection.** No party may assign as error the giving or the failure to give an instruction unless the party objects on the record promptly after the court instructs the jury, stating distinctly the matter to which the party objects and the grounds of the objection. Upon request of any party, the court shall receive objections out of the hearing of the jury. An appellate court, on its own initiative or on the suggestion of a party, may however

take cognizance of any plain error in the instructions, material to the rights of the defendant, despite a failure to object.

As the Court of Appeals reiterated in *Bowman v. State*, 337 Md. 65, 67, 69, 650 A.2d 954 (1994):

[A]ppellate review of a jury instruction will not ordinarily be permitted unless the appellant has objected seasonably so as to allow the trial judge an opportunity to correct the deficiency before the jury retires to deliberate.

\* \* \*

The purpose of Rule 4–325(e) is to give the trial court an opportunity to correct an inadequate instruction.

Appellant never gave the trial judge an opportunity to correct what he claims on appeal to be inadequate. The issue was not preserved for appellate review. Appellant admits as much but asks us to address the deficiency he asserts on appeal as "plain error." We decline to do so. "That five-word holding disposes of the contention.... [T]hose five words are ... all that need be said, for the exercise of our unfettered discretion in not taking notice of plain error requires neither justification nor explanation." *Morris v. State*, 153 Md.App. 480, 507, 837 A.2d 248 (2003), *cert. denied*, 380 Md. 618, 846 A.2d 402 (2004).

## IV. & V.

The last two questions appellant presents relate to the sentence imposed for distribution of cocaine. Our vacation of that sentence renders those questions moot. We therefore need not, and will not, address them.

**SENTENCE FOR DISTRIBUTION OF COCAINE VACATED. CASE REMANDED FOR RESENTENCING ON THAT COUNT.**

**REMAINING JUDGMENT AFFIRMED.**

**COSTS TO BE PAID TWO–THIRDS BY APPELLANT AND ONE–THIRD BY BALTIMORE COUNTY.**